## HUMPHREY v. NEW ORLEANS PUBLIC SERVICE, Inc.

### AMBEAU v. SAME.

### No. 14911.

Court of Appeal of Louisiana. Orleans.
May 27, 1935.

Geo. M. Brooks and Maurice R. Woulfe, both of New Orleans, for appellants.

Ivy G. Kittredge and M. A. Woodruff, both of New Orleans, for appellee.

WESTERFIELD, Judge.

The plaintiffs in these two cases were injured as the result of a collision between a combination ambulance and hearse and a street car owned by the defendant, New Orleans Public Service, Inc. The accident occurred in the intersection of Tulane and Claiborne avenues. The plaintiff Jaubert Ambeau was driving the ambulance, and the plaintiff Lawrence Humphrey was a passenger. Each plaintiff sued for $300 as damages for physical injuries alleged to have been caused by the negligence of defendant's servant. The cases were consolidated below and tried upon the same record. There was judgment in favor of defendant dismissing both suits, and plaintiffs have appealed.

The sole charge of negligence imputed to defendant is that its motorman in charge of its street car, at the time of the accident, entered the intersection "at a rapid and reckless speed on the red light traffic signal in violation of traffic ordinance #13,702 of the Commission Council Series of the City of New Orleans, which City Ordinance is hereby specially pleaded as part of this petition." The voluminous record is made up of testimony offered for the purpose of proving that defendant's motorman did or did not violate the traffic ordinance, and, in the briefs of counsel, that question and no other is discussed. The ordinance, however, is not attached to the petition, and was not introduced in evidence. Under the circumstances, it cannot be considered because courts do not take cognizance of municipal ordinances. City of New Orleans v. Calamari, 150 La. 737, 91 So. 172, 22 A. L. R. 106; Louisiana Digest, vol. 3, verbo "Evidence," § 11, page 121.

It does not appear from the record that the street car was operated at a reckless or excessive speed. As a matter of fact, the preponderance of the evidence is to the effect that a moderate, if not unusually slow, speed, as the conductor testified, was maintained in the intersection. The driver of the ambulance testified that he saw the street car approaching the intersection when some distance away. At the speed the street car was traveling, it would appear that the accident was due to the imprudence of the ambulance driver, but in any event, we find no negligence on the part of the motorman in charge of defendant's street car.

For the reasons assigned, the judgments appealed from will be affirmed.

Judgments affirmed.